IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT R. JONES,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 06-4638 |
| | : | |
| **C.O. REPSCH, et al.,** | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                           **February 13, 2007**

On June 29, 2006, Robert R. Jones, a former inmate at the Lancaster County Prison, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the District Court for the Middle District of Pennsylvania. A month later, he filed an Amended Complaint. Because all of the alleged conduct occurred in this district, the Middle District transferred the case to this court. The defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, I will grant the motion in its entirety.

**I. BACKGROUND**

The Complaint, Amended Complaint, and accompanying documents received from Mr. Jones allege continued inappropriate and abusive language used by Correctional Officer Repsch toward Mr. Jones while he was incarcerated at the Lancaster County Prison. The pattern of verbal abuse began after Officer Repsch witnessed Mr. Jones giving his carton of milk to another inmate after lunch. After warning Mr. Jones not to give away his milk, Officer Repsch began taunting and threatening Mr. Jones whenever

he was on duty. These incidents made Mr. Jones feel "very uncomfortable." He requests that he and Officer Repsch "not be around each other." He also seeks $250,000 in monetary damages, and $250,000 in punitive damages.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." The rule is designed to screen out cases where "a Complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-312 (3d Cir. 1999). Under Rule 12(b)(6), a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the non-moving party can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue, therefore, is not whether the non-moving party will ultimately prevail, but whether it is entitled to offer evidence to support its claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

In considering whether a pleading should be dismissed for failure to state a claim upon which relief can be granted, a court must consider only those facts alleged in the pleading and accept all of the allegations as true, drawing all reasonable inferences in favor of the non-moving party. ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994);

see also Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004) (in deciding motions pursuant to Rule 12(b)(6), courts generally consider only allegations in the pleading, exhibits attached to the pleading, matters of public record, and documents that form the basis of a claim).

## III. DISCUSSION

Title 42 of the United States Code § 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights. Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979). To state a § 1983 claim, a plaintiff must demonstrate that the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States.[1] Am. Mfrs. Mut. Ins.

---

[1] If Mr. Jones successfully alleged a deprivation of a constitutional right, I would then need to determine (1) whether Correctional Officer Repsch were entitled to qualified immunity, and (2) whether the municipal entity could be held liable. See Saucier v. Katz, 533 U.S. 194, 201 (2001) (if no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity); Searles v. SEPTA, 990 F.2d 789, 794 (3d Cir. 1993) (the court need not reach the issue of whether the municipal entity could be held liable where it has concluded that no constitutional right was violated). Because I conclude that Mr. Jones has not alleged a constitutional violation, my inquiry under both doctrines proceeds no further. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).

Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995).

  Here, Mr. Jones complains about abusive language and verbal threats by a prison guard resulting in his feeling uncomfortable around the guard. He does not allege any physical assault or injury of any kind. It is well established that verbal harassment or threats of the sort detailed above will not, without some reinforcing act accompanying them, state a constitutional claim. See Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) (mean harassment is insufficient to state a constitutional deprivation); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not give rise to a constitutional violation enforceable under § 1983); Collins v. Cundy, 603 F.2d 825, 826 (10th Cir. 1979) (allegations that the sheriff laughed at prisoner and threatened to hang him did not state claim for constitutional violation); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (allegations of vulgarity did not state constitutional claim). Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973). A constitutional claim based only on verbal threats will fail, moreover, whether it is asserted under the Eighth Amendment's ban on cruel and unusual punishment or under the Fifth Amendment's substantive due process clause. See Prisoners' Legal Ass'n, 822 F. Supp. at 189 (cruel and unusual punishment theory); Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991) (substantive due process theory).

I accept Mr. Jones' allegations as true, as I must.  However, he does not contend that the verbal abuse was accompanied by any type of reinforcing act.  While Correctional Officer Repsch's conduct in verbally threatening Mr. Jones is certainly reprehensible, it is not actionable under the Constitution.  I will grant the defendants' motion to dismiss in its entirety.

An appropriate Order follows.